IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Keyanta Moore,
    Petitioner,

v.    1:16cv1370 (LMB/JFA)

Harold W. Clarke,
    Respondent.

## MEMORANDUM OPINION

Keyanta Moore, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a life sentence imposed by the Norfolk Circuit Court. Before the Court is the respondent's Motion to Dismiss the petition.

## I. Background

Moore is presently incarcerated pursuant to two judgments entered by the Norfolk court on December 13, 2007. In the first, which is the sole judgment Moore challenges here, he pleaded guilty to aggravated malicious wounding, robbery, armed burglary, abduction, and three counts of unlawful use of a firearm, and he was sentenced to life plus 113 years imprisonment. Case Nos. CR07002360-00 through -04, CR07002360-06 and -07.[1] Although Moore argued on direct appeal that the sentence was excessive, the Court of Appeals of Virginia denied the

---

[1] In Moore's second judgment of conviction entered on the same day, he again pleaded guilty to robbery, abduction, armed burglary and two counts of unlawful use of a firearm, and he received a sentence of 60 years incarceration. Case Nos. CR07002459-00 through -03. In his Brief in Opposition to Respondent's Reply, petitioner asserts that he is "clearly challenging all of the convictions transpiring that resulted in the sentences imposed on 12-13-2007" [Dkt. No. 22 at 2], but his position is flawed, as his sole claim challenges the lawfulness of a life sentence and he received such a sentence only in Case Nos. CR07002360-00 through -04, CR07002360-06 and -07.

petition on July 17, 2008. Moore v. Commonwealth, R. No. 0107-08-1 (Va. Ct. App. July 17, 2008); Resp. Ex. 1. Moore's petition for further review was refused on November 14, 2008. Moore v. Commonwealth, R. No. 081563 (Va. Nov. 14, 2008); Resp. Ex. 4. Moore took no further action until he filed a petition for a state writ of habeas corpus in the Norfolk Circuit Court on July 15, 2011. Resp. Ex. 5. In that petition he argued, as he does in this federal proceeding, that the life sentence which was imposed when he was fifteen (15) years old constitutes cruel and unusual punishment and violates his right to due process pursuant to Graham v. Florida, 560 U.S. 48 (2010). By an Order entered on August 19, 2011, the court held that: (1) the petition was barred by the statute of limitations set out at Va. Code § 8.01-654(A)(2), and (2) the claim was not cognizable in a habeas corpus proceedings pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E. 2d 680 (1974), because it could have been raised at trial or on direct appeal. Resp. Ex. 6. Moore did not appeal that decision.

On May 31, 2013, Moore filed a motion to vacate in the Norfolk Circuit Court, arguing that the life sentence imposed while he was juvenile violated the holding of Miller v. Alabama, 567 U.S. 460 (2012). Resp. Ex. 7. In an Order dated July 31, 2013, the court noted that Moore was reiterating "the same arguments asserted in his previously dismissed Petition for Writ of Habeas Corpus," and dismissed the motion with prejudice. Resp. Ex. 8. Again, Moore took no appeal.

On April 4, 2016, Moore filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, arguing that in light of Montgomery v. Louisiana, __ U.S. __, 136 S.Ct. 718 (2016), his sentence violated the Eighth Amendment and substantive due process because he received life imprisonment without the possibility of parole for a non-homicide offense he committed as a juvenile. The Court denied relief, holding that Moore's:

> ... claim is untimely and improperly successive. Code § 8.01-654. The record, including petitioner's first habeas petition filed in July 2011 in the circuit court, demonstrates that petitioner has previously claimed his life sentence violates due process and the Eighth Amendment under Graham v. Florida, 560 U.S. 48 (2010). The circuit court dismissed petitioner's claim as untimely and barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). Petitioner has not identified any circumstance that might warrant considering the substance of his claim now despite its untimeliness and successiveness. See Jones v. Commonwealth, 2017 Va. LEXIS 8, 17-30 (2017) (describing the procedural limits on raising federal constitutional challenges to a sentence); Johnson v. Commonwealth, __ Va. __, __, 793 S.E.2d 326, 331 (2016) (reaffirming that, for any offense committed as a juvenile other than a Class I felony, a defendant may constitutionally receive a life sentence because 'the possibility of geriatric release under Code § 53.1-40.01 provides a meaningful opportunity for release that is akin to parole').

Moore v. Clarke, R. No. 160567 (Va. Apr. 15, 2017); Dkt. No. 23, Ex. 1.

Moore filed for federal habeas corpus relief pursuant to § 2254 on October 10, 2016,[2] challenging his life sentence on the ground that it violates Graham and Montgomery. On January 12, 2017, respondent filed a Rule 5 Answer and a Motion to Dismiss along with a supporting brief and exhibits, and provided Moore with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(J). After additional pleadings which are not relevant here, Moore filed a Brief in Opposition. [Dkt. No. 22] Respondent submitted a Supplemental Memorandum in Support of Motion to Dismiss with an exhibit on April 6, 2017, and Moore

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991) Here, petitioner indicates that he placed the petition into the prison mailing system on October 10, 2016. Dkt. No. 2 at 15.
It should be noted that petitioner's standardized form § 2254 petition has been docketed as an amended petition at Dkt. No. 2. Although the pleading docketed at Dkt. No. 1 was captioned as a Petition for Writ of Habeas Corpus by the petitioner, in legal effect it appears to be a memorandum in support of the petition found at Dkt. No. 2.

3

replied. [Dkt. No. 23-24] Accordingly, this matter is now ripe for disposition.

## II. Timeliness

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner's conviction and the sentence he challenges became final on February 12, 2009, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari at the conclusion of his direct appeal.[3]

In calculating the § 2254(d) limitations period, the Court generally must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). In this case, however, Moore did not file his first collateral proceeding until July 15, 2011. Since by then over two years had elapsed since his conviction became final, the federal statute of limitations had expired, and the pendency of state collateral proceedings could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after

---

[3]See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

4

expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition must be dismissed as untimely.

Moore argues that the petition should be deemed timely pursuant to 28 U.S.C. § 2244(d)(1)(C), which provides that the one-year limitations period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." He further contends that according to this provision, the limitations period commenced when Montgomery v. Louisiana was decided in 2016. [Dkt. No. 2 at 14] This argument is misplaced. Moore claims the right to be relieved of a sentence of life imprisonment imposed on him for a non-homicide offense committed while he was a juvenile. That right was recognized first in Graham v. Florida in 2010, and the Graham court itself made the right retroactive from its issuance, as it clearly was a substantive change as defined in Teague v. Lane, 489 U.S. 288, 310 (1989). See In re: Vassell, 751 F.3d 267 (4th Cir. 2014). Contrary to Moore's understanding, the decision in Montgomery addressed the retroactivity of Miller, 567 U.S. at 460, which concerned the constitutionality of life sentences imposed on juveniles convicted of homicide; it had no effect on the retroactivity of Graham. Lastly, even if that were not so, the Supreme Court in analyzing language materially identical to that in § 2244 has held that the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court" rather than from the date the right is held to be retroactively applicable to cases on collateral review. Dodd v. United States, 545 U.S. 353, 357-59 (2005); see also, United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012) (petitioner must show that "he filed his

5

motion within one year of the date on which the Supreme Court recognized the right.").
Accordingly, even if Montgomery had affected the retroactivity of Graham, the one-year limitations period still would have started when the right at issue in this case was recognized in Graham in 2010, and this petition still would be untimely.

Moore asserts that "respondent has neglected to recognize that the petitioner has requested the court to grant me equitable tolling of the relevant time period." [Dkt. No. 22 at 4] The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test, Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008), and generally is required to specify the steps he took to diligently pursue his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, a petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Here, aside from his entirely conclusory, one-sentence reference to equitable tolling, Moore makes no attempt to satisfy any of these requirements; therefore, equitable tolling is not warranted.

## III. Procedural default

Even if Moore were able to overcome the untimeliness of the petition, his claim would be procedurally barred from consideration on the merits. In each of the three instances where Moore presented the same argument he makes here to a Virginia court, the claim was expressly determined to be procedurally defaulted. When he first presented his claim to the Norfolk Circuit Court in 2011, it was denied on the grounds that it was barred by the statute of limitations set out at Va. Code § 8.01-654(A)(2), and that it was not cognizable in a habeas corpus proceeding because it could have been raised at trial or on direct appeal. Resp. Ex. 6. When Moore reiterated the claim to the same court in 2013, the court essentially dismissed it as successive. Resp. Ex. 7. And when he again asserted the claim in an application for habeas relief to the Supreme Court of Virginia in 2016, it was determined to be both "untimely and improperly successive" pursuant to Va. Code § 8.01-654. That court also found that Moore had failed to identify "any circumstance that might warrant considering the substance of his claim now despite its untimeliness and successiveness." Dkt. No. 23, Ex. 1.

An express finding of procedural default by a state court is entitled to a presumption of correctness provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, a federal court may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. As Moore has made no attempt to show cause and

7

prejudice, his claim is procedurally barred from federal review.

## IV. Merit analysis

Lastly, even if Moore were able to overcome the foregoing procedural impediments, he would be entitled to no relief on the merits of his claim. The Supreme Court of Virginia has held on several occasions that a sentence such as Moore's does not amount to a life sentence without parole, because Va. Code § 53.1-40.01 provides the opportunity for geriatric release. See, e.g., Angel v. Commonwealth, 281 Va. 275, 704 S.E.2d 386, 402 (2011) (geriatric parole provides a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" as required by the Eighth Amendment); Blount v. Clarke, 291 Va. 198, 782 S.E.2d 152 (2016) (geriatric parole statute provides "an appropriate mechanism" for compliance with Graham); Johnson v. Commonwealth, __ Va. __, 793 S.E. 2d 326 (2016) (same). In LeBlanc v. Mathena, 2015 WL 4042175, *18 (July 1, 2015), a Virginia inmate was granted § 2254 habeas corpus relief on the holding that Virginia's geriatric parole statute "conflict[s] with the dictates of Graham," and the United States Court of Appeals for the Fourth Circuit affirmed. LeBlanc v. Mathena, 841 F.3d 256 (4th Cir. 2016). The United States Supreme Court granted the Commonwealth's petition for certiorari and reversed, holding:

> The Court of Appeals for the Fourth Circuit erred by failing to accord the state court's decision the deference owed under AEDPA. Graham did not decide that a geriatric release program like Virginia's failed to satisfy the Eighth Amendment because that question was not presented. And it was not objectively unreasonable for the state court to conclude that, because the geriatric release program employed normal parole factors, it satisfied Graham's requirement that juveniles convicted of a nonhomicide crime have a meaningful opportunity to receive parole. The geriatric release program instructs Virginia's Parole Board to consider factors like "the individual's history ... and the individual's conduct ... during incarceration," as well as the prisoner's "inter-personal relationships with staff and inmates" and "[c]hanges in attitude toward self and others." ... Consideration of

> these factors could allow the Parole Board to order a former juvenile offender's conditional release in light of his or her "demonstrated maturity and rehabilitation." Graham, 560 U.S. at 75, 130 S. Ct. 2011. The state court did not diverge so far from Graham's dictates as to make it "so obvious that ... there could be no 'fairminded disagreement'" about whether the state court's ruling conflicted with this Court's case law."

Virginia v. LeBlanc, 582 U.S. __, 2017 WL 2507375, *3 (June 12, 2017) (citations omitted). Under this controlling authority, it is now apparent that were Moore's challenge to his life sentence cognizable on the merits, the deference to decisions of the Supreme Court of Virginia mandated by 28 U.S.C. §2254(d) would require the denial of federal habeas corpus relief.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice by an appropriate Order and judgment to be issued with this Memorandum Opinion.

Entered this 23rd day of June 2017.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

9